IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNIE ROCQUEMORE,                           )
                                              )
          Plaintiff,                          )
                                              )
     v.                                       )          Case No. 3:13-cv-1261-NJR-DGW
                                              )
DR. ROBERT SHEARING and M.                    )
MOLDENHAUER,                                  )
                                              )
          Defendants.                         )

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants Shearing and Moldenhauer (Doc. 34) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, a former inmate at Menard Correctional Center ("Menard"), filed this action alleging numerous claims against various defendants for violating his constitutional rights.  After an initial screening by the Court pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on one count against Defendants Dr. Robert Shearing and Michael Moldenhauer for inadequate treatment of his thrush and genital warts (Doc. 7, p. 7-8).

On July 29, 2014, Defendants Moldenhauer and Shearing filed a Motion for Summary Judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit (Doc. 34).  Based on a review of Plaintiff's grievance records at Menard and the Administrative Review Board ("ARB"), Defendants assert that Plaintiff never filed a grievance alleging that Defendants, or any other medical provider, denied him care for thrush and/or genital warts at Menard.  Defendants explain that attached to Plaintiff's Complaint is a copy of a letter he sent to Dr. Lewis Shicker, the Medical Director at Menard, describing dissatisfaction with the treatment Defendants Shearing and Moldenhauer were providing; however, Dr. Shicker responded to Plaintiff and informed him that if he was dissatisfied with his medical care he needed to go through the grievance process (Doc. 1, pp. 66-69).  Defendants aver that this correspondence clearly does not satisfy Plaintiff's exhaustion requirements as he failed to utilize the grievance process established at Menard.

On September 4, 2014, Plaintiff filed his response to Defendants' Motion for Summary Judgment (Doc. 37).  In his response, Plaintiff argued that he filed grievances regarding inadequate treatment by medical staff, but never received a response.  In particular, Plaintiff mentioned that he filed a grievance October 13, 2013, at the direction of Dr. Shicker, but it also received no response.  Plaintiff asserts that Menard's failure to respond to his grievances thwarted his attempts at exhausting his administrative remedies.

After a review of the grievances attached to Plaintiff's Complaint and submitted in support of Defendants' Motion for the Summary Judgment, the Court finds that there is no record of any grievances filed by Plaintiff concerning medical treatment provided by Defendants Shearing or Moldenhauer.  The only grievances Plaintiff filed concerning his medical care at

Menard were directed at Amy Lang and do not reference Plaintiff's thrush or genital warts (*See* Doc. 1, pp. 33-34; Doc. 35-5, pp. 12-13; Doc. 35-2, pp. 4-6).

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court scheduled a hearing on the issue of exhaustion for October 22, 2014. This hearing was cancelled and reset for December 16, 2014 as Plaintiff had been paroled and was not able to make necessary arrangements for the October, 2014 hearing (Doc. 39). Prior to the December 16, 2014 hearing, Plaintiff informed the Court again that he would not be able to make the necessary arrangements to attend the hearing. Accordingly, the Court again reset the hearing for February 10, 2015 and advised Plaintiff that the hearing would not be rescheduled again, absent extraordinary circumstances (Doc. 45). At the hearing on February 10, 2015, counsel for Defendants was present, but Plaintiff failed to appear. Accordingly, the Court did not hear arguments regarding Plaintiff's attempts to exhaust.

## CONCLUSIONS OF LAW

### Summary Judgment Standard

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v.*

*Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004).  A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.*  The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

***Exhaustion Requirements under the PLRA***

> The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).  *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983).  Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting

*Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).  In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.   In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies.  *Id.* 544 F.3d at 742.  If a Plaintiff has exhausted his remedies, the case will proceed on the merits.  If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

***Exhaustion Requirements under Illinois Law***

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor.  Ill. Admin. Code tit. 20, § 504.810(a).  If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance.  *Id.* §504.810(b).  The grievance form shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of the complaint.  *Id.* § 504.810(b).  The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance.  *Id.* § 504.830(d).  The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed, where reasonably feasible under the circumstances. *Id.* § 504.830(d).  An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).   An inmate's administrative

remedies are not exhausted until the appeal is ruled on by the Administrative Review Board.  *See Id.*  The Administrative Review Board shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances.  *Id.* § 504.850(f).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken.  *Id.* §504.840.  If, after receiving a response from the CAO, an offender feels that the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision.  *Id.* § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him.  *See* 42 U.S.C. § 1997e(a).  The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances.  *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).  The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue."  *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009).  If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions.  *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)).  An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*,

458 F.3d at 684.

*Discussion*

The grievance records at Menard and the ARB are devoid of any grievances filed by Plaintiff complaining of the issues in this lawsuit.  Although Plaintiff complained of Defendants' medical treatment in a letter addressed to Dr. Shicker, this is not sufficient to establish exhaustion pursuant to the Illinois Administrative Code, which, as outlined above, prescribes the specific steps required for an inmate to exhaust his administrative remedies.  The Court notes that Dr. Shicker's response advised Plaintiff to go through the grievance process if he was dissatisfied with his treatment.  Further, based on a review of Plaintiff's grievance filings, he was well aware of the administrative process available to him within the IDOC.

The Court notes that Plaintiff's response to Defendants' Motion for Summary Judgment indicates he filed grievances that were not responded to, and, as such, the administrative process was unavailable to him.  Although the Seventh Circuit does recognize that the administrative process becomes "unavailable" if prison employees do not respond to a properly filed grievance, there is no evidence that this occurred in this case.  *See Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).  Plaintiff has not provided any evidence to corroborate his assertion that he filed grievances regarding medical treatment provided by Defendants Shearing or Moldenhauer.  Based on the evidence available, it is apparent that Plaintiff regularly filed grievances that did receive a response from appropriate prison officials.  Moreover, Plaintiff's failure to appear at the hearing on this matter has precluded the Court from considering Plaintiff's credibility and hearing any testimony regarding when and how Plaintiff attempted to file these supposed grievances.  Accordingly, based on the evidence available, the Court does not find that Plaintiff

exhausted his administrative remedies prior to filing suit.

RECOMMENDATIONS

Based on the foregoing, it is hereby **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants Shearing and Moldenhauer (Doc. 34) be **GRANTED**; that the Court **FIND** that Plaintiff did not exhaust his administrative remedies prior to filing suit; that this case be **DISMISSED WITHOUT PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 20, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**