IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNIE ROCQUEMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-1261-NJR-DGW |
| | ) |
| DR. ROBERT SHEARING and | ) |
| M. MOLDENHAUER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 51), which recommends granting the Motion for Summary Judgment on the issue of exhaustion filed on July 29, 2014, by Defendants Robert Shearing, M.D. and Michael Moldenhauer (Doc. 34).

Plaintiff Johnnie Rocquemore, an inmate at Menard Correctional Center ("Menard"), filed this lawsuit on December 5, 2013, against numerous defendants for allegedly violating his constitutional rights. The Court conducted a threshold review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, and Plaintiff's claim against Defendants Shearing and Moldenhauer for inadequate treatment of his thrush and genital warts survived threshold review (Doc. 7).

On July 29, 2014, Defendants Shearing and Moldenhauer moved for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (Doc. 34). Based on a

review of Plaintiff's grievance records at Menard and the Administrative Review Board ("ARB"), Defendants argued that Plaintiff never filed a grievance alleging that they, or any other medical provider, denied him care for thrush and/or genital warts at Menard. On September 4, 2014, Plaintiff filed a response to the Defendants' Motion for Summary Judgment asserting that he filed grievances regarding inadequate treatment by medical staff, but never received a response (Doc. 37).

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson scheduled a hearing on the issue of exhaustion for October 22, 2014 (Doc. 31). This hearing was canceled and reset for December 16, 2014, as Plaintiff had been paroled and was not able to make necessary arrangements for the October 2014, hearing (Doc. 39). Prior to the December 16, 2014, hearing, Plaintiff again informed the Court that he would not be able to make the necessary arrangements to attend the hearing (*See* Doc. 45). As a result, Magistrate Judge Wilkerson reset the hearing for February 10, 2015, and advised Plaintiff that the hearing would not be rescheduled again, absent extraordinary circumstances (Doc. 45). At the hearing on February 15, 2015, Plaintiff failed to appear. Accordingly, Magistrate Judge Wilkerson did not hear arguments regarding Plaintiff's attempts to exhaust his administrative remedies.

On February 20, 2015, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 51). Objections to the Report and Recommendation were due on or before March 9, 2015. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). Neither party filed an objection. On March 9, 2015, the Report and Recommendation mailed to Plaintiff was returned as undeliverable (Doc.

52). Plaintiff was advised when he filed this suit that he is under a continuing obligation to keep the Court informed of any change to his address within seven days of a transfer or other change in address (*See* Doc. 7). Plaintiff was further advised that failure to comply with this Order could result in dismissal of his action for want of prosecution (Doc. 7). To date, however, Plaintiff has not filed notice with the Court regarding a change of address, and the Court is currently unaware of his whereabouts.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). However, where neither timely nor specific objections to the Report and Recommendation are made, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Based on the evidence submitted by Defendants in support of their Motion for Summary Judgment, Plaintiff has not exhausted his administrative remedies. The Court agrees that, although Plaintiff asserted that he filed grievances that were not responded to, Plaintiff has not provided any evidence to corroborate his assertions. Moreover, Plaintiff's failure to appear at the *Pavey* hearing precluded Magistrate Judge Wilkerson from considering Plaintiff's credibility and hearing any testimony regarding

when and how Plaintiff attempted to file these supposed grievances.  Plaintiff was given three opportunities by the Court to appear and testify at the *Pavey* hearing regarding the issue of exhaustion.  Despite proper notification regarding the February 15, 2015, hearing, Plaintiff failed to appear.  The Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson regarding the issue of exhaustion.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 51), and **GRANTS** the Motion for Summary Judgment filed by Defendants Shearing and Moldenhauer (Doc. 34).  Defendants Shearing and Moldenhauer are **DISMISSED** without prejudice and Plaintiff's case is **DISMISSED** for failure to exhaust administrative remedies.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  March 20, 2015**

/s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**